**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| James A. Souder, | : | |
| and | : | |
| Lana J. Souder | : | |
| plaintiffs | : | |
| vs. | : | C.A. No.: 05-780 |
| | : | |
| Alabama Motor Express, Inc. | : | |
| and | : | |
| Eric M. Brion | : | |
| defendants | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this           day of                 , 2005 upon consideration of Plaintiff's

Motion to Remand, and any response thereto, it is hereby ORDERED and DECREED that the

Motion is GRANTED, and this matter is hereby remanded to the Court of Common Pleas of

Philadelphia County pursuant to 28 U.S.C. §1447 (c), and

IT IS FURTHER ORDERED that the Clerk of the Court shall return the record in this

case to the Prothonotary of the State court and mark this action as closed.


BY THE COURT:


_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James A. Souder, | : | |
| and | : | |
| Lana J. Souder | : | |
| *plaintiffs* | : | |
| *vs.* | : | **C.A. No.: 05-780** |
| | : | |
| Alabama Motor Express, Inc. | : | |
| and | : | |
| Eric M. Brion | : | |
| *defendants* | : | |
| | : | |

### PLAINTIFFS' MOTION TO REMAND

_____Plaintiffs, James A. Souder and Lana J. Souder, by their undersigned counsel, hereby move to remand this action to State court, and in support thereof aver as follows:

1.  This action arises from a July 3, 2003 collision between a vehicle operated by the plaintiff, James A. Souder, and a tractor-trailer owned by the defendant, Alabama Motor Express, Inc. The tractor-trailer was operated by the co-defendant, Eric M. Brion.

2.  The plaintiffs filed suit in the Philadelphia Court of Common Pleas on January 12, 2005.  A copy of Plaintiffs' Complaint is attached to Defendant's Petition for Removal as Exhibit "A."

3.  On February 18, 2005, one of the two defendants in this action, Alabama Motor Express, Inc., filed a petition to remove the action to this Court, pursuant to 28 U.S.C. §1446.

4.  As set forth in more detail in the accompanying Memorandum, the removal statute has consistently been interpreted to require the consent of all defendants.

5.  The removal procedure employed by the defendant, Alabama Motor Express, Inc.,  is therefore defective, in that it violates the rule of unanimity.

6.  This action should be remanded to the Court of Common Pleas, as both defendants have not consented to the removal.

_____WHEREFORE, the plaintiffs respectfully request that the Court enter an Order in the form attached hereto, remanding this action to the Philadelphia Court of Common Pleas.

_____

_____Respectfully submitted,

Law Offices of David B. Winkler, P.C.

By: _David B. Winkler_
      David B. Winkler
      Attorney for plaintiffs
      PA Attorney ID 46528
      1930 Route 70 East
      Building Q
      Cherry Hill, New Jersey 08003
      (856) 616-1000
      Fax: (856) 216-0362
      e-mail: winkler@jersey.net

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

James A. Souder,                    :
 and                           :
Lana J. Souder                      :
       *plaintiffs*    :
    *vs.*          :          **C.A. No.: 05-780**
                                    :
Alabama Motor Express, Inc.         :
and                                 :
Eric M. Brion                       :
     *defendants*    :
_____   :

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO REMAND

**I.     Introduction and Procedural History**

This is an action for personal injuries sustained by the plaintiffs as a result of a July 3, 2003 collision between a vehicle operated by the plaintiff, James A. Souder, and a tractor-trailer owned by the defendant, Alabama Motor Express, Inc.  The tractor-trailer was operated by the co-defendant, Eric M. Brion.  The plaintiffs are citizens of Pennsylvania and the defendants are citizens of Alabama.

The plaintiffs filed suit in the Philadelphia Court of Common Pleas on January 12, 2005. A copy of Plaintiffs' Complaint is attached to Defendant's Petition for Removal as Exhibit "A."

On February 18, 2005, one of the two defendants in this action, Alabama Motor Express, Inc., filed a petition to remove the action to this Court, pursuant to 28 U.S.C. §1446.

Plaintiffs' Motion to Remand has been timely filed within thirty days of the Removal Petition, as required by 28 U.S.C. §1447 (c).

## II.     **Standard of Review**

In this Circuit, it is well-recognized that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990).

The decision to enter a remand order is within the discretion of the trial Judge, and with certain exceptions not relevant here, an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. 28 U.S.C. §1447 (d), <u>Albert v. BMW</u>, 45 Fed. Appx. 170, 2002 U.S. App. Lexis 24704 (3d Cir. 2002); <u>Cook v. Wikler</u>, 320 F.3d 431 (3d Cir. 2003).

## III.    **Argument**

Plaintiffs seek to remand this action to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C.§1447 (c) due to a defect in the removal procedure employed by the defendant, Alabama Motor Express, Inc.

The defendant, Alabama Motor Express, Inc., petitioned for removal pursuant to 28 U.S.C. §1446 (a), which requires that "[a] defendant or defendants desiring to remove any civil action...shall file...a notice of removal..."  Despite the ambiguity of the term "defendant or defendants," it is well established that removal requires unanimity among defendants. <u>Balazik v. Co. of Dauphin</u>, 44 F.3d 209, 213 (3d Cir. 1983).

The co-defendant, Eric M. Brion, is not represented by counsel for Alabama Motor Express, Inc., and has given no indication that he consents to the removal.

Although the statute does not explicitly require that all defendants join in the removal

petition, it has consistently been interpreted as such.  Under the "rule of unanimity," in multiple

defendant cases, "all must join in the removal petition." <u>Lewis v. Rego</u>, 757 F.2d 66, 68 (3d Cir.

1985); <u>Green v. Target</u>, 305 F. Supp.2d 448 (E.D. Pa. 2004).

It is well-settled that one defendant may not speak for another in filing a notice of

removal. <u>Green v. Target</u>, 305 F. Supp.2d 448 (E.D. Pa. 2004), citing <u>Southwick v. Yale</u>

<u>Materials Handling Corp. & Ind. Trucks, Inc.</u>, 1997 U.S. Dist. Lexis 9183 at *4 (E.D. Pa. June

27, 1997).  Each consenting defendant must either sign the notice of removal, file its own notice

of removal, or file a written consent or joinder to the original notice with the Court.  <u>Landman v.</u>

<u>Borough of Bristol</u>, 896 F. Supp. 406, 409 (E.D. Pa. 1995); <u>Ogletree v. Barnes</u>, 851 F. Supp. 184,

188 (E.D. Pa. 1994).  "Consent to join in a notice of removal must be express, official and

unambiguous." <u>Green v. Target</u>, 305 F. Supp.2d 448 (E.D. Pa. 2004), citing <u>Morganti v.</u>

<u>Armstrong Blum Mfg. Co.</u> 2001 U.S. Dist. Lexis 2951, (E.D. Pa. March 19, 2001).

Therefore, although the defendant's petition for removal perfunctorily states that "[a]ll

defendants consent to removal." (Defendant's Petition¶10), this is insufficient without an

"express, official and unambiguous" consent to join in the removal from the co-defendant, Eric

M. Brion. <u>Morganti</u>, *supra.*

The Third Circuit has held that the "failure of all defendants to join in removal is a

'defect in removal procedure'" <u>Balazik v. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir. 1983).

Where there is a defect in the removal procedure, strict construction of the removal statute

requires remand to the State court.  <u>Barkley v. City of Philadelphia Police Department</u>, 169 F.

Supp. 2d 346 (E.D. Pa. 2001).

In the instant case, the removal procedure employed by the defendant, Alabama Motor

-3-

Express, Inc., is defective, as the co-defendant, Eric m. Brion, has not expressly consented, and therefore the case should be remanded to the Philadelphia Court of Common Pleas.

WHEREFORE, the plaintiffs respectfully request that the Court enter an Order in the form attached hereto, remanding this action to the Philadelphia Court of Common Pleas._

Respectfully submitted,

Law Offices of David B. Winkler, P.C.

By: *David B. Winkler*
    David B. Winkler
    Attorney for plaintiffs
    PA Attorney ID 46528
    1930 Route 70 East
    Building Q
    Cherry Hill, New Jersey 08003
    (856) 616-1000
    Fax: (856) 216-0362
    e-mail: winkler@jersey.net

## CERTIFICATE  OF  SERVICE

The undersigned certifies that a true and correct copy of the foregoing Plaintiff's Motion
to remand was served via First Class U.S. Mail on the 15th day of March, 2005 to the following:


Thomas J. Wagner, Esq.
Celeste C. Harrison, Esq.
Law Offices of Thomas J. Wagner
Suite 501
1528 Walnut Street
Philadelphia, PA 19102


*David B. Winkler*
David B. Winkler