# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. SOUDER and LANA SOUDER<br>Plaintiffs<br><br>v.<br><br>ALABAMA MOTOR EXPRESS, INC.<br>and<br>ERIC M. BRION<br>Defendants | CIVIL ACTION NO.: 05-780 |

## DEFENDANTS ALABAMA MOTOR EXPRESS AND ERIC M. BRION'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendants Alabama Motor Express, Inc. ("Alabama") and Eric M. Brion ("Mr. Brion") oppose Plaintiffs' Motion to Remand as follows:

1-2. Admitted.

3-4. Denied. Counsel for Alabama and Mr. Brion removed this action on February 18, 2005. Mr. Brion had not been served when this action was removed, but Alabama was served. The Civil Cover Sheet attached to the Petition for Removal reflects counsel's representation of both Alabama and Mr. Brion. (Exhibit "A"). To the extent any additional consent is necessary, see the attached "Consent to Removal" (Exhibit "B").

5-6. Denied. This action was removed with consent of all defendants and removal to this Court was proper. By way of further answer, Defendant Eric M. Brion was not served until March 18, 2005. Mr. Brion's status as an unserved defendant was noted in Alabama Motor Express, Inc.'s Answer to Plaintiffs' Complaint. (Exhibit "C").

The Law Offices of Thomas J. Wagner does and has represented both "Defendants" Alabama Motor Express, Inc. and Eric M. Brion as reflected on the Civil Cover Sheet submitted

with Alabama Motor Express, Inc.'s Petition for Removal.

Mr. Brion expressly, officially and unambiguously consented to removal on February 18, 2005, one month before he was served, and expressly, officially and unambiguously consents to removal of this action now, after service. (Exhibit "B").

WHEREFORE, Defendants Alabama Motor Express and Eric M. Brion oppose Plaintiffs James A. Souder and Lana Souder's Motion to Remand and respectfully request this Court enter the attached Order denying their Motion.

                                                                           Respectfully submitted,

                                                                           **LAW OFFICES OF THOMAS J. WAGNER**

                                                                                  CH5028
By:    Thomas J. Wagner, Esquire
        Celeste C. Harrison, Esquire
        Law Offices of Thomas J. Wagner
        1528 Walnut Street
        Suite 501
        Philadelphia, PA 19102
        (215) 790-0761
        Attorneys Defendants Alabama Motor Express, Inc.
        and Eric M. Brion

Dated: March 31, 2005

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. SOUDER and LANA SOUDER**<br>**Plaintiffs**<br><br>v.<br><br>**ALABAMA MOTOR EXPRESS, INC.**<br>**and**<br>**ERIC M. BRION**<br>**Defendants** | **CIVIL ACTION NO.: 05-780** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendants Alabama Motor Express, Inc. and Eric M. Brion respectfully submit the following Memorandum of Law in Support of their Opposition to Plaintiffs James and Lana Souder's Motion to Remand.

**I.      FACTS.**

Plaintiffs commenced this personal injury action by Complaint in the Philadelphia Court of Common Pleas on January 12, 2005.  Alabama Motor Express was served in January of 2005 and removed this action pursuant to 28 U.S.C. § 1446 within thirty (30) days of receipt of the Complaint on February 18, 2005.

Defendant Eric M. Brion was not served until March 18, 2005.

**II.     ARGUMENT.**

Plaintiffs argue that because Mr. Brion, an unserved defendant whose own counsel asserted that Mr. Brion consented to removal, did not personally sign the Removal Petition, this action must be remanded.  This argument is ridiculous.

More specifically, Plaintiffs assert that this action should be remanded back to the Court of Common Pleas of Philadelphia County because Eric M. Brion "is not represented by counsel

for Alabama Motor Express, Inc., and has given no indication that he consents to the removal." (See, Memorandum of Law in Support of Plaintiffs' Motion for Remand). This statement is false.

Mr. Brion is, and has always been, represented by the Law Offices of Thomas J. Wagner in this action – the same counsel who represents Alabama. In the Petition for Removal, Mr. Brion's counsel asserted that "all Defendants consent to removal," making Mr. Brion an unserved, joining defendant. Mr. Brion is bound by the representations made by his counsel regarding his consent to removal.

Mr. Brion is an Alabama employee. Alabama admitted Mr. Brion is its employee in its Answer to Plaintiffs' Complaint. (Alabama's Answer, para. 4-5). Mr. Brion is, and has been, represented by his employer's counsel in this action. There is only one representative for Mr. Brion who can provide Mr. Brion's consent to removal: Law Offices of Thomas J. Wagner. The Law Offices of Thomas J. Wagner provided such consent for Mr. Brion in the Petition for Removal.

### A. In the Instant Action, All Defendants Consent To Removal.

The Petition for Removal stated "all Defendants consent to removal" and indeed, all Defendants, including Eric M. Brion who had not been served at the time the Petition for Removal was filed, but was served on March 18, 2005, consent to removal.

Plaintiffs cite to Green v. Target, 305 F.Supp.2d 448 (E.D. Pa. 2004) to support their assertion that the averment in Alabama Motor Express, Inc.'s Petition for Removal that "All Defendants consent to removal" is not sufficient to show unanimity of defendants because "one defendant may not speak for another" Green at 450.

However, the defendants in Green were not similarly situated as Defendants in the instant case. Defendants in Green were represented by separate counsel and the non-removing, but consenting, defendants did not file any official notice of their consent to join in the removal within the 30 day deadline set forth by 28 U.S.C. 1446(b).

In the instant case, all Defendants are represented by the same counsel. There is no other entity other than the Law Offices of Thomas J. Wagner who can consent to removal. Counsel for both Defendants made the statement that "All Defendants consent to removal." pursuant to the obligations provided by F.R.C.P. 11. That statement was true on February 18, 2005 and remains true today. The Law Offices of Thomas J. Wagner remains the only entity authorized to make that statement for both Alabama Motor Express, Inc. and Eric M. Brion.

     **B.**     **Even If This Court Finds Mr. Brion Did Not Properly Join In The Removal Petition Plaintiffs' Motion for Remand is Premature and Must Be Dismissed.**

Should this Court find that Mr. Brion's own counsel's assertion that Mr. Brion consents to removal included in the Removal Petition is not sufficient to show unanimity among defendants, Plaintiffs' Motion for Remand is premature and must be dismissed as Mr. Brion has thirty (30) days from service of the Complaint to join in the Removal Petition.

Plaintiffs cite to Landman v. Borough of Bristol, 896 F.Supp. 406, 409 (E.D. Pa. 1995) for the obligations of defendants who have been properly served in removing an action to federal court. District Courts in the Third Circuit have required defendants who have been served to "sign the notice of removal, file its own notice of removal, or file a written consent or joinder to the original notice with the court." Landman, 896 F.Supp at 409. However, Plaintiffs fail to note the requirements of co-defendants who have not been served:

3

> There are exceptions, which do not apply to the facts of this case, to the rule that all co-defendants must be joined in a removal petition. A co-defendant need not be joined when the co-defendant has not been served, . . .

Id at n2.

This sentiment was further echoed by the court in Ogletree, III v. Barnes, et al.

> Defendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are also not required to join in the notice of removal or otherwise consent to removal.

Ogletree, III v. Barnes, et al., 851 F.Supp. 184, 1994 U.S. Dist. LEXIS 5615

In Landman, the removing defendant was served on May 3, 1995 and removed the action on June 1, 1995; the record was silent as to when the co-defendant was served, but its counsel entered an appearance on May 26, 1995. On June 28, 2005 – outside of the 30 day period allowed for removal measured from the date the co-defendant's counsel entered its appearance (as there was no record of date of service), counsel for the co-defendant filed a consent to removal. The court found that the consent statement of the co-defendant was outside the 30 day period and thus the removal was ineffective.

Here, Eric M. Brion was not served on February 18, 2005 when this action was removed. Mr. Brion was not required to join in on Alabama Motor Express, Inc.'s removal petition. Despite not being required to do so, Mr. Brion, through his counsel, consented to removal. This consent through Mr. Brion's counsel was express, official and unambiguous.

The court in Landman measured the 30 day period in which a defendant may remove an action pursuant to 28 U.S.C. §1446(b) from the date the co-defendant was presumed to have been served. Mr. Brion, who was served on March 18, 2005, is still within the 30-day time period to

4

provide additional consent to removal should this Court determine that the express, official and unambiguous statement that "All Defendants consent to removal." by Mr. Brion's counsel in the Petition for Removal is insufficient. Mr. Brion respectfully requests this Court consider the express, official and unambiguous statements included in Defendants' Opposition to Plaintiffs' Motion to Remand and this Memorandum of Law, made within 30 days of service of the Complaint on Mr. Brion, as the requisite written, filed consent to the removal of this action that was filed on February 18, 2005. By way of further evidence of consent, Mr. Brion has submitted a Consent to Removal attached as Exhibit "B".

The Third Circuit has not clearly established the form a co-defendant's consent to removal must take. The court in Ogletree provided the following guidance:

> While it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

Ogletree, citing Getty Oil, Div. of Texaco, Inc. v. Ins. Co. Of North Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988).

Not only does the Petition for Removal include written indication from "some entity" with authority to act on behalf of both defendants that Mr. Brion consents to removal of this action, Defendants' documents filed in this Opposition to Plaintiffs' Motion to Remand fulfill these requirements as well. There is no doubt that Mr. Brion consents to removal of this action and has done so within the time frame set forth by 28 U.S.C. §1446(b).

5

To the extent that any additional consent is necessary, Mr. Brion has provided, through his counsel, a Consent to Removal (attached as Exhibit "B").

### C. The Case Law Cited By Plaintiffs Is Not Binding On This Court.

Finally, all of the case law cited by Plaintiffs is not binding on this Court. <u>Keeley, et al. v. Loomis Fargo & Co.</u>, 183 F.3d 257, 1999 U.S. App. LEXIS 16654 (3d Cir Ct. App. 1999) (where the Third Circuit Court of Appeals advised in a footnote that trial court decisions are "at most persuasive but nonbinding authority"); <u>Dick Corp. v. W. Golden Constr., Inc.</u>, 2003 U.S. Dist. LEXIS 23149 (W.D. Pa. 2003) (where the court advised in a footnote that district court opinions from neighboring district courts are not binding on the Western District of Pennsylvania).

Not only are the requirements and defects identified by Plaintiffs inapplicable to the instant action, this Court is not bound by such requirements. This Court has the latitude to decide that the statement made by Mr. Brion's counsel that "All Defendants consent to removal" is sufficient to bind Mr. Brion to that consent and the removal was unanimous and proper. Should this Court determine such statement by Mr. Brion's counsel was insufficient, the statements set forth in this Opposition and Memorandum of Law and the attached Consent to Removal provide binding express, official and unambiguous consent to removal.

Mr. Brion joined in the removal of this action. There is no controlling case law that precludes an unserved Defendant, represented by the same counsel who files the Petition for Removal, from consenting to removal through the statements of his own counsel. There is no such case law because such a proposition is illogical.

6

### III. CONCLUSION.

Defendants Alabama Motor Express, Inc., and Eric M. Brion request this Honorable Court deny Plaintiffs James and Lana Souder's Motion to Remand because both defendants are represented by the Law Offices of Thomas J. Wagner. Mr. Brion was not served with the Complaint until March 18, 2005. Mr. Brion consented to the removal of this action on February 18, 2005 – one month before he was served – and he consents today. The consent of both Alabama Motor Express, Inc. and Eric M. Brion was provided by the only entity authorized to represent both defendants in this action: the Law Offices of Thomas J. Wagner. The consent of both parties was, and is, express, official and unambiguous.

          Respectfully submitted,

          **LAW OFFICES OF THOMAS J. WAGNER**

          CH5028
By:  Thomas J. Wagner, Esquire
      Celeste C. Harrison, Esquire
      Law Offices of Thomas J. Wagner
      1528 Walnut Street
      Suite 501
      Philadelphia, PA 19102
      (215) 790-0761
      Attorneys Defendants Alabama Motor Express, Inc. and Eric M. Brion

Dated: March 31, 2005

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. SOUDER and LANA SOUDER<br>Plaintiffs<br><br>v.<br><br>ALABAMA MOTOR EXPRESS, INC.<br>and<br>ERIC M. BRION<br>Defendants | CIVIL ACTION NO.: 05-780 |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Opposition to Plaintiffs' Motion for Remand was served on the following counsel via First Class Mail, Postage Prepaid on the date noted below:

David B. Winkler, Esquire
**Law Offices of David B. Winkler, P.C.**
1930 Route 70 East
Building Q
Cherry Hill, NJ, 08003

**LAW OFFICES OF THOMAS J. WAGNER**

CH5028
By: Thomas J. Wagner, Esquire
Celeste C. Harrison, Esquire
Law Offices of Thomas J. Wagner
1528 Walnut Street
Suite 501
Philadelphia, PA 19102
(215) 790-0761
Attorneys Defendants Alabama Motor Express, Inc. and Eric M. Brion

Dated: March 31, 2005

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. SOUDER and LANA SOUDER<br>Plaintiffs<br><br>v.<br><br>ALABAMA MOTOR EXPRESS, INC.<br>and<br>ERIC M. BRION<br>Defendants | CIVIL ACTION NO.: 05-780 |

ORDER

AND NOW, on this            day of                    , 2005 upon consideration of Plaintiffs James Souder and Lana Souder's Motion to Remand, and Defendants Alabama Motor Express, Inc. and Eric M. Brion's Opposition Thereto, it is hereby ORDERED that Plaintiffs' Motion to Remand is DENIED.

BY THE COURT:

_____
RONALD L. BUCKWALTER,  J.