IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James A. Souder, <br> and <br> Lana J. Souder <br>     *plaintiffs* <br>     *vs.* <br><br> Alabama Motor Express, Inc. <br> and <br> Eric M. Brion <br>     *defendants* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No.: 05-780 <br> Filed Electronically |

### REPLY BRIEF IN SUPPORT OF
### PLAINTIFFS' MOTION TO REMAND

It is well settled that the "failure of all defendants to join in removal is a 'defect in removal procedure'" Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1983). Where there is a defect in the removal procedure, strict construction of the removal statute requires remand to the State court. Barkley v. City of Philadelphia Police Department, 169 F. Supp. 2d 346 (E.D. Pa. 2001).

The Notice and Petition for Removal (Docket #1) indicate they are being filed on behalf of Alabama Motor Express, Inc. only. Similarly, the Answer to Plaintiffs' Complaint filed on March 14, 2005 (Docket #2) indicates that it is being filed only on behalf of Alabama Motor Express, Inc. No entry of appearance or other pleading has been filed for the co-defendant, Eric M. Brion.

The first indication that Mr. Wagner's office was representing both defendants was the Opposition to Plaintiff's Motion to Remand. Nothing received from counsel prior to the Opposition to Plaintiffs' Motion to Remand indicated that counsel was representing any party other than Alabama Motor Express, Inc.

"Consent to join in a notice of removal must be express, official and unambiguous." Green v. Target Stores, Inc., 305 F.Supp. 2d 448 (E.D.Pa. 2004), *citing* Morganti v. Armstrong Blum Mgf. Co., 2001 WL 283135 (E.D. Pa. 2001). No such consent was filed by the co-defendant Eric M. Brion within the time frame required by 28 U.S.C. §1446. This is a "defect in the removal procedure" requiring remand. Barkley v. City of Philadelphia Police Department, 169 F. Supp. 2d 346 (E.D. Pa. 2001).

Defendant's reliance on Ogletree III v. Barnes, 851 F. Supp. 184 (E.D.Pa. 1994) for the proposition that Mr. Brion's consent was not required because he had not been formally served is misplaced. In multiple defendant cases where all defendants are not joining in the petition "the petition *must* allege that those defendants not joining in the removal were not served in the particular state proceedings."(emphasis supplied) DiCesare-Engler Productions, Inc. v. Mainman Inc., 421 F.Supp. 116 (W.D. Pa. 1976), *citing* Gratz v. Murchison, 130 F. Supp. 709 (D. Dela. 1955); P.P. Farmer's Elevator Co. v. Farmers Elevator Mutual Ins. Co., 395 F.2d 546 (7th Cir. 1968).

Moreover, 28 U.S.C. § 1446 (b) requires that a removal petition be filed within thirty days after receipt by the defendant, through service *or otherwise*. (emphasis supplied). Regardless of when co-defendant Eric Brion was formally served, defendant concedes at page 4 of its brief that Mr. Brion had received the Complaint. Therefore, his express, official and unambiguous consent to join in the removal petition was required. Green v. Target Stores, Inc., 305 F.Supp. 2d 448 (E.D.Pa. 2004). The "Consent to Removal" dated March 31, 2005 (Ex. "B" to Defendant's Brief) is untimely and ineffective. 28 U.S.C. § 1446 (b).

For the reasons stated in the foregoing Memorandum, as well as the reasons stated in

Plaintiffs' Motion to Remand, the removal procedure employed by the defendant, Alabama Motor Express, Inc., is defective, and therefore the case should be remanded to the Philadelphia Court of Common Pleas.

WHEREFORE, the plaintiffs respectfully request that the Court enter an Order remanding this action to the Philadelphia Court of Common Pleas.

        Respectfully submitted,

        Law Offices of David B. Winkler, P.C.

By: *David B. Winkler*
    David B. Winkler
    Attorney for plaintiffs
    PA Attorney ID 46528
    1930 Route 70 East
    Building Q
    Cherry Hill, New Jersey 08003
    (856) 616-1000
    Fax: (856) 216-0362
    e-mail: winkler@jersey.net

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing Reply Brief in Support of Plaintiff's Motion to remand was served via First Class U.S. Mail on the 6th day of April, 2005 to the following:

Thomas J. Wagner, Esq.
Celeste C. Harrison, Esq.
Law Offices of Thomas J. Wagner
Suite 501
1528 Walnut Street
Philadelphia, PA 19102

                                                  *David B. Winkler*
                                                  David B. Winkler