IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. SOUDER and LANA SOUDER<br>**Plaintiffs**<br><br>v.<br><br>ALABAMA MOTOR EXPRESS, INC.<br>and<br>ERIC M. BRION<br>**Defendants** | CIVIL ACTION<br><br>NO.: 05-780 |

**DEFENDANT ERIC M. BRION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR IN THE ALTERNATIVE, TRANSFER VENUE OF THIS ACTION**

Defendant Eric M. Brion ("Mr. Brion") moves to dismiss this action against him for lack of personal jurisdiction or in the alternative transfer venue of this action to the United States District Court of Delaware.

1. Plaintiffs James and Lana Souder ("Plaintiffs") commenced this action against Alabama Motor Express, Inc. and Eric M. Brion in the Philadelphia Court of Common Pleas on January 12, 2005. (Exhibit "A").

2. On February 18, 2005 Defendant Alabama Motor Express, Inc. removed this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332 and in accordance with 28 U.S.C. §1446. Mr. Brion joined in the removal.[1]

3. Plaintiffs James and Lana Souder are residents of Sunbury, Pennsylvania. (Exhibit "A").

4. Sunbury, Pennsylvania is located in Northumberland County.

---

[1] Joining in a removal action, or consenting to removal, does not confer personal jurisdiction upon a defendant. DiCesare-Engler Productions, Inc. v. Mainman Ltd., et al., 421 F. Supp. 116, 1976 U.S. Dist. LEXIS 12712 (E.D. Pa. 1976).

5. This Court does not include Northumberland County in its geographic, jurisdictional boundaries. Rather, the United States District Court for the Middle District of Pennsylvania includes Northumberland County. 28 U.S.C. §118(b).

6. Defendant Eric M. Brion is a resident of the state of Alabama.

7. The accident that is the subject of this action occurred in the state of Delaware. (Exhibit "A" para. 5).

8. Plaintiffs have not set forth any facts that would support a finding of personal jurisdiction over Mr. Brion by the Philadelphia Court of Common Pleas. (Exhibit "A").

9. Plaintiffs have not set forth any facts that would support a finding of personal jurisdiction over Mr. Brion by this Honorable Court. (Exhibit "A").

10. Amendment to Plantiffs' Complaint will not cure these defects of personal jurisdiction over Mr. Brion because there are no facts that could support personal jurisdiction over Mr. Brion in the Eastern District of Pennsylvania.

11. As Mr. Brion is not a resident of Pennsylvania, nor does Mr. Brion maintain sufficient contacts with Pennsylvania to support the exercise over Mr. Brion in Pennsylvania, Plaintiffs' claims against Mr. Brion must be dismissed for lack of personal jurisdiction.

12. In the alternative, Plaintiffs' action must be transferred to the United States District Court of Delaware, the jurisdiction where the cause of action arose.

13. Eric M. Brion incorporates by reference the facts and law included in the attached Memorandum of Law as if fully set forth at length herein.

WHEREFORE, Defendant Eric M. Brion respectfully requests this Honorable Court dismiss Plaintiffs James and Lana Souder's claims against him for lack of personal jurisdiction

and improper venue, or in the alternative transfer this action to the United States District Court of Delaware.

                                                    Respectfully submitted,

                                                    **LAW OFFICES OF THOMAS J. WAGNER**

                                    By:          /s/ Thomas J. Wagner
                                                THOMAS J. WAGNER, ESQUIRE
                                                CELESTE HARRISON, ESQUIRE
                                                Attorneys for Defendant Eric M. Brion

Dated: April 28, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. SOUDER and LANA SOUDER<br>Plaintiffs<br><br>v.<br><br>ALABAMA MOTOR EXPRESS, INC.<br>and<br>ERIC M. BRION<br>Defendants | CIVIL ACTION<br><br>NO.: 05-780 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ERIC M. BRION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE, TRANSFER VENUE OF THIS ACTION**

Defendant Eric M. Brion ("Mr. Brion") submits the following Memorandum of Law in Support of his Motion to Dismiss Plaintiffs' Complaint Pursuant to Lack of Personal Jurisdiction or in the Alternative, Transfer Venue of this Action because:

1. Plaintiffs are residents of Northumberland County, Pennsylvania – a county governed by the United States District Court for the Middle District of Pennsylvania;
2. Mr. Brion is a resident of the state of Alabama;
3. The accident that is the subject of this cause of action occurred in Delaware;
4. Plaintiffs have set forth no facts to show that Mr. Brion has ever had any contact with Pennsylvania, or the areas governed by the Eastern District of Pennsylvania; and
5. There is no evidence that it would be in the interest of justice, or convenient for the parties, to litigate this matter in the Eastern District of Pennsylvania.

**I. FACTS.**

Plaintiffs James and Lana Souder ("Plaintiffs") commenced this action against Alabama Motor Express, Inc. and Eric M. Brion in the Philadelphia Court of Common Pleas on January 12, 2005. Defendant Alabama Motor Express, Inc. removed this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332 and in accordance with 28 U.S.C. §1446 on February

18, 2005.

Plaintiffs James and Lana Souder are residents of Sunbury, Pennsylvania, which is located in Northumberland County, Pennsylvania.

Defendant Eric M. Brion is a resident of the state of Alabama.

The accident that is the subject of this action occurred in the state of Delaware.

Plaintiffs did not aver any facts to show that the state court, the Philadelphia Court of Common Pleas, would have had personal jurisdiction over Mr. Brion. Plaintiffs have not averred such facts because there are no facts that would allow this Honorable Court to exercise personal jurisdiction over Mr. Brion. As a result of this Court's lack of personal jurisdiction over Mr. Brion, Plaintiffs' claims against Mr. Brion must be dismissed.

## II.   ARGUMENT.

A plaintiff bears the burden of presenting a prima facie case for the exercise of specific personal jurisdiction over a defendant by establishing with reasonable particularity sufficient contacts between the defendants and the forum state. McCracken v. Ford Motor Co., et al., 2001 U.S. Dist. LEXIS 19776 (E.D. Pa. 2001) (where the court found it did not have personal jurisdiction ver the officer of a company where the plaintiff failed to allege or provide proofs of any contacts (or even minimum contacts) for purposes of specific personal jurisdiction or general personal jurisdiction over the defendant).

### A.   This Court Does Not Have General Personal Jurisdiction Over Mr. Brion Pursuant to 42 Pa. Con. Stat. Ann. § 5301 (a).

When determining whether personal jurisdiction over an individual exists in a diversity case, a district court applies the law of the forum state. The Pennsylvania long-arm statue states

in relevant part:

> (a) Exercise of full constitutional power over non-residents.
> (a) GENERAL RULE. --The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
> (1) Individuals.--
> > (i) Presence in this Commonwealth at the time when process is served.
> > (ii) Domicile in this Commonwealth at the time when process is served.
> > (iii) Consent, to the extent authorized by the consent..

42 Pa. Con. Stat. Ann. § 5301 (a).

The circumstances surrounding Mr. Brion do not meet any of these requirements and the courts in this Commonwealth do not have general personal jurisdiction over Mr. Brion. Hall v. National Service Industries, Inc., 172 F.R.D. 157, 1997 U.S.Dist. LEXIS 5739 (E.D. Pa. 1997) (where the court found that it did not have personal jurisdiction over a defendant driver in a motor vehicle claim when the defendant resided in another state, the accident occurred in another state and the defendant driver was not served in the forum state).

     **B.    Criteria for Finding Specific Personal Jurisdiction over a Non-Resident.**

Specific personal jurisdiction arises when the "defendant engages in particular or infrequent contacts with the forum state that are related to the plaintiff's claim." McCracken v. Ford Motor Co., et al., 2001 U.S. Dist. LEXIS 19776 (E.D. Pa. 2001), citing, Pennzoil Products Co. v. Clelli & Assoc., Inc., 149 F.3d 197, 200 (3d Cir. 1998).

Specific personal jurisdiction is guided by a two-prong test of "minimum contacts" and

3

the application of "traditional notions of fair play and substantial justice. <u>Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.</u>, 75 F.3d 147, 1996 U.S. App. LEXIS 1051 (3d. Cir. 1995) (where the appellate court affirmed the district court's dismissal of plaintiff's complaint against defendant for lack of personal jurisdiction where defendant's only contacts with the forum state were telephone calls and letters written to the plaintiff located in Pennsylvania. The court held that information communications in furtherance of a contract between a resident and nonresident do not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over the nonresident defendant).

A defendant establishes minimum contacts with a state when he "purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." <u>Id</u>, <u>citing</u>, <u>Hanson v. Denckla</u>, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958). "The defendant's conduct and connections with the forum must have been such that the defendant could have reasonably anticipated his amenability to suit in the forum." <u>McCracken v. Ford Motor Co., et al.</u>, <u>citing</u>, <u>Shaffer v. Heitner</u>, 433 U.S. 186, 204, 97 S. Ct. 2569 (1977).

Courts have refused to find minimum contacts:

1. When a plaintiff's Complaint does not include allegations of contact with the forum state <u>McCracken v. Ford Motor Co., et al.</u>, 2001 U.S. Dist. LEXIS 19776 (E.D. Pa. 2001);
2. Where the contact with the forum state consisted of informational communications in furtherance of a contract <u>Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.</u>, 75 F.3d 147.

Here, as in <u>McCracken</u>, Plaintiffs have failed to allege Mr. Brion has any connection with Pennsylvania. Mr. Brion is a resident of Alabama. Mr. Brion does not conduct business in Pennsylvania. Mr. Brion was not served in Pennsylvania. The accident did not occur in

Pennsylvania. Plaintiffs have not alleged any facts that would show Mr. Brion had "fair warning" of being haled into court in either the Philadelphia Court of Common Pleas or this Honorable Court. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174 (1985).

As Plaintiffs have failed to establish *any* contacts between Mr. Brion and Pennsylvania, it is impossible to analyze whether Mr. Brion's non-existent contacts is such that it would be reasonable to require Mr. Brion to defend this action in Pennsylvania. International Shoe Co. v. Washington, 326 U.S. 310, 317, 66 S.Ct. 154 (1945).

This Court does not have either general personal jurisdiction or specific personal jurisdiction over Mr. Brion. Mr. Brion, as the employee driver of the vehicle, is not a necessary party to this action pursuant to the doctrine of *respondeat superior* and the claims against Mr. Brion must be dismissed. Hall v. National Service Industries 172 F.R.D. 157 ("the employee is not a necessary party to a suit against his employer under *respondeat superior*" . . . It is well established that Rule 19 does not require the joinder of principal and agent. Id, citing, Rieser v. District of Columbia, 183 U.S. Ap. D.C. 375, 563 F.2d 462, 469 n.39 (D.C. Cir. 1977); Nottingham v. General Am. Communications Corp., 811 F.2d 873, 880 (5th Cir.); Murphy v. Newport Waterfornt Lnading, Inc., 806 F.Supp. 322, 325 (D.R.I. 1992); Bausch v. Philatelic Leasing, 728 F. Supp. 1201, 1209 (D. Md. 1989); Fuller et al. v. Prudential Ins. Co. of Am., 1989 U.S. Dist. LEXIS 12637, (E.D. Pa. 1989); Nash v. Hall, 436 F.Supp. 633, 635 (W.D. Okla. 1977); Cass v. Sonnenblick-Goldman Corp., 287 F.Supp. 815, 818 (E.D. Pa. 1968).

C.  **If This Court Decides Not to Dismiss Plaintiffs' Claims Against Mr. Brion, This Case Must Be Transferred To Another Venue.**

Should this Court find that Mr. Brion is a necessary party, this action must be transferred to the United States District Court of Delaware pursuant to 28 U.S.C. §1404. The motor vehicle accident occurred in Delaware, the United States District Court of Delaware would exercise jurisdiction over all parties and would be familiar with the applicable Delaware state law. Without question, the United States District Court of the State of Delaware is the appropriate venue for this action.

III.  **CONCLUSION.**

Defendant Eric M. Brion respectfully requests this Honorable Court dismiss Plaintiffs James and Lana Souder's claims against him for lack of personal jurisdiction and improper venue, or in the alternative transfer this action to the United States District Court of Delaware.

        Respectfully submitted,

        **LAW OFFICES OF THOMAS J. WAGNER**

By:    /s/ Thomas J. Wagner
       THOMAS J. WAGNER, ESQUIRE
       CELESTE HARRISON, ESQUIRE
       Attorneys for Defendant Eric M. Brion

Dated: April 28, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES A. SOUDER and LANA SOUDER<br>Plaintiffs<br><br>v.<br><br>ALABAMA MOTOR EXPRESS, INC.<br>and<br>ERIC M. BRION<br>Defendants | CIVIL ACTION<br><br>NO.: 05-780 |
|---|---|

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Motion to Dismiss for Lack of Personal Service and Improper Venue was served on the following counsel via First Class Mail, Postage Prepaid on the date noted below:

David B. Winkler, Esquire
**Law Offices of David B. Winkler, P.C.**
1930 Route 70 East
Building Q
Cherry Hill, NJ, 08003

**LAW OFFICES OF THOMAS J. WAGNER**

By:   /s/ Thomas J. Wagner
     Thomas J. Wagner, Esquire
     Celeste C. Harrison, Esquire
     Attorneys for Defendant Alabama Motor Express, Inc.

Dated: April 28, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. SOUDER and LANA SOUDER<br>    Plaintiffs<br><br>       v.<br><br>ALABAMA MOTOR EXPRESS, INC.<br>             and<br>ERIC M. BRION<br>    Defendants | CIVIL ACTION<br><br>NO.: 05-780 |

## ORDER

AND NOW, on this _____ day of _____, 2005 upon Defendant Eric M. Brion's Motion to Dismiss Plaintiffs' Complaint Pursuant to Lack of Personal Jurisdiction and Improper Venue or in the Alternative, Transfer Venue of this Action, and Plaintiffs' response thereto, if any, it is hereby ORDERED that Eric M. Brion's Motion is GRANTED pursuant to F. R. Civ. P. 12(b) (2) and (3) and Plaintiff James and Lana Souder's claims against Eric M. Brion are hereby DISMISSED with prejudice; or

in the alternative, it is

ORDERED that Eric M. Brion's Motion is GRANTED pursuant to 28 U.S.C. §1404 and this action shall be transferred to the United States District Court of Delaware.

BY THE COURT:

_____
                                                                                                                 J.