## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. SOUDER and LANA SOUDER**<br>**Plaintiffs**<br><br>v.<br><br>**ALABAMA MOTOR EXPRESS, INC.**<br>**and**<br>**ERIC M. BRION**<br>**Defendants** | **CIVIL ACTION**<br><br>**NO.: 05-780** |

## DEFENDANTS ALABAMA MOTOR EXPRESS, INC. AND ERIC M. BRION'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS* GROUNDS OR IN THE ALTERNATIVE, TRANSFER VENUE

Defendants Alabama Motor Express ("Alabama") and Eric M. Brion ("Mr. Brion") (collectively referred to as "Defendants") move to dismiss this action for forum non conveniens grounds, or in the alternative, transfer venue of this action pursuant to 28 U.S.C.A. §1404(a).

1.     Plaintiffs James and Lana Souder ("Plaintiffs") commenced this action against Alabama Motor Express, Inc. and Eric M. Brion in the Philadelphia Court of Common Pleas on January 12, 2005.  (Exhibit "A").

2.     On February 18, 2005 Defendant Alabama Motor Express, Inc. removed this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332 and in accordance with 28 U.S.C. §1446.  Mr. Brion joined in the removal.[1]

3.     Plaintiffs James and Lana Souder are residents of Sunbury, Pennsylvania. (Exhibit "A").

4.     Sunbury, Pennsylvania is located in Northumberland County.

---

[1] Joining in a removal action, or consenting to removal, does not confer personal jurisdiction upon a defendant.  DiCesare-Engler Productions, Inc. v. Mainman Ltd., et al., 421 F. Supp. 116, 1976 U.S. Dist. LEXIS 12712 (E.D. Pa. 1976).

5.      This Court does not include Northumberland County in its geographic, jurisdictional boundaries.  Rather, the United States District Court for the Middle District of Pennsylvania includes Northumberland County.  28 U.S.C. §118(b).

6.      Defendant Eric M. Brion is a resident of the state of Alabama.

7.      Defendant Alabama is a resident of the State of Alabama.

8.      The accident that is the subject of this action occurred in the state of Delaware. (Exhibit "A" para. 5).

9.      No party is a resident of the Eastern District of Pennsylvania and none of the operative acts or omissions occurred in the Eastern District of Pennsylvania.

10.     In his Answer, Mr. Brion averred  "The Eastern District of Pennsylvania is an inappropriate venue for this action."  (Exhibit "B" para. 35).

11.     Plaintiffs have identified the following witnesses to be called at trial:

James A. Souder
234 Chestnut Street
Sunbury, PA 17801

Lana J. Souder
234 Chestnut Street
Sunbury, PA 17801

James A. Souder, II
Sunbury, PA

Michelle Souder
Sunbury, PA

Heather Souder
Sunbury, PA

Brittany Souder
Sunbury, PA

Eric Brion
210 Damascus Road
Enterprise, AL 36630

Thomas Lafferty, Jr.
Delaware State Police
Troop 2
100 LaGrange Avenue
Newark, DE 19711

Guy W. Fried, M.D.
Magee Rehabilitation Hospital
Six Franklin Plaza
Philadelphia, PA 19102

Brian Batman, M.D.
Valley Orthopaedics and Sports Medicine
Physicians' Office building
330 North Twelfth Street
Sunbury, PA 17801

Phillip Pellitieri, M.D.
Geisinger Medical Center
100 North Academy Drive
Danville, PA 17822

Daniel D. Feldman, M.D.
Geisinger Orthopedics
100 N. Academy Road
Danville, PA

Custodian of Records, Lewisburg Radiology
1 Hospital Drive
Lewisburg, PA 17837

Custodian of Records, Evangelical Community
Hospital
Evangelical Community Hospital
1 Hospital Drive
Lewisburg, PA 17837

Custodian of Records, Geisinger Medical Center

3

Geisinger Medical Center
100 North Academy Drive
Danville, PA 17822

Custodian of Records, Phoenix Rehabilitation and
Health Services
Phoenix Rehabilitation and Health Services
1100 Bower Hill Road
Pittsburgh, PA 15243

Custodian of Records, Appalachian Physical Therapy
1072 Market Street
Sunbury, PA 17801

(Exhibit "C").

12.     Defendants identified witnesses already identified by Plaintiffs to be called at

trial, including:

Eric Brion
210 Damascus Road
Enterprise, AL 36630

(Exhibit "D").

13.     At this early stage of discovery, it is impossible to accurately discern the general

coverage of each witnesses' testimony, however, the witnesses identified by the parties will

likely testify to the Delaware motor vehicle accident that is the subject of this action and Mr.

Souder's physical and mental condition before and after the accident.

14.     As this motor vehicle accident occurred in Delaware, there is a possibility that a

jury may be required to travel Delaware to view the premises of the accident site.

15.     As this motor vehicle accident occurred on the roadways of Delaware, Delaware

law will be applied to adjudicate this action.

16.     Dismissal, or in the alternative, transfer, this action, would ease court congestion

4

in the Eastern District of Pennsylvania's full docket.

17.     The Eastern District of Pennsylvania has no interest in deciding this action; rather, the District Court of Delaware has a strong interest in adjudicating cases involving motor vehicle accidents that occur on their roadways.

18.     It is in the best interest of the parties to have the trial of this diversity action decided in a forum that is at home with the law that must govern the action.

19.     It is in the best interest of the parties and in the interest of efficiently adjudicating this matter to adjudicate this action in a forum where unnecessary problems in conflict of law s can be avoided.

20.     It is in unfair to burden citizens in the unrelated forum of the Eastern District of Pennsylvania with jury duty for an accident that occurred in Delaware and would apply Delaware law.

21.     This action should be dismissed for *forum non conveniens* grounds because venue in the Eastern District of Pennsylvania is inappropriate as none of the parties reside in the Eastern District of Pennsylvania and no operative facts occurred in the Eastern District of Pennsylvania.

22.     In the alternative, Plaintiffs' action must be transferred to the District Court of the State of Alabama, the State where both Defendants reside.

23.     In the alternative, Plaintiffs' action must be transferred to the United States District Court of Delaware, the jurisdiction where the cause of action arose.

24.     Should this Court decide not to transfer this action from Pennsylvania, this action should be transferred to the Middle District of Pennsylvania where Plaintiffs reside and a majority (seventeen of eighteen) of the identified witnesses are located.

25.     Defendants Alabama Motor Express, Inc. and Eric M. Brion incorporate by reference the facts and law included in the attached Memorandum of Law as if fully set forth at length herein.

WHEREFORE, Defendants Alabama Motor Express, Inc. and Eric M. Brion respectfully requests this Honorable Court dismiss Plaintiffs James and Lana Souder's claims for *forum non conveniens* grounds, or in the alternative transfer this action to the District Court in the State of Alabama, or in the alternative, transfer this action to United States District Court of Delaware, or in the alternative, transfer this action to the Middle District of Pennsylvania.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. WAGNER**


By:     _____TJW3971_____
THOMAS J. WAGNER, ESQUIRE
CELESTE HARRISON, ESQUIRE
Attorneys for Defendants Alabama Motor Express
and Eric M. Brion


Dated: June 21, 2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. SOUDER and LANA SOUDER**<br>**Plaintiffs**<br><br>**v.**<br><br>**ALABAMA MOTOR EXPRESS, INC.**<br>**and**<br>**ERIC M. BRION**<br>**Defendants** | **CIVIL ACTION**<br><br>**NO.: 05-780** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ERIC M. BRION'S MOTION FOR DISMISSAL ON *FORUM NON CONVENIENS* GROUNDS OR IN THE ALTERNATIVE, TRANSFER VENUE

Defendants Alabama Motor Express, Inc. ("Alabama") Eric M. Brion ("Mr. Brion")

submit the following Memorandum of Law in Support of His Motion For Dismissal on *Forum*

*Non Conveniens* Grounds, Or In the Alternative, Transfer Venue because:

1. Plaintiffs are residents of Northumberland County, Pennsylvania – a county served by the United States District Court for the Middle District of Pennsylvania;

2. Mr. Brion is a resident of the state of Alabama;

3. Alabama Motor Express, Inc. is a resident of the State of Alabama

4. The accident that is the subject of this cause of action occurred in Delaware;

5. Seventeen (17) of the eighteen (18) witnesses identified by the parties reside outside the geographic area served by the Eastern District of Pennsylvania;

6. The Eastern District of Pennsylvania is not the appropriate forum to adjudicate this action;

7. The District Court of the State of Alabama is an appropriate forum in accordance with 28 U.S.C. §1391(a) as both Defendants reside in Alabama;

8. Alternatively, the District Court of Delaware is an adequate alternative forum for all parties to adjudicate this action and this action should be transferred;

9. As an additional, more convenient and appropriate alternative, this action should be transferred to the Middle District of Pennsylvania where Plaintiffs reside and seventeen (17) of the eighteen (18) identified

witnesses are located.

## I.    FACTS.

Plaintiffs James and Lana Souder ("Plaintiffs") commenced this action against Alabama

Motor Express, Inc. and Eric M. Brion in the Philadelphia Court of Common Pleas on January

12, 2005.  Defendant Alabama Motor Express, Inc. removed this action to the Eastern District of

Pennsylvania pursuant to 28 U.S.C. §1332 and in accordance with 28 U.S.C. §1446 on February

18, 2005.

Plaintiffs James and Lana Souder are residents of Sunbury, Pennsylvania, which is

located in Northumberland County, Pennsylvania.

Defendant Eric M. Brion is a resident of the state of Alabama.  Defendant Alabama

Motor Express, Inc. is also a resident of the state of Alabama.

The motor vehicle accident that is the subject of this action occurred on the roadways of

the state of Delaware.

In his Answer, Mr. Brion averred that "The Eastern District of Pennsylvania is an

inappropriate venue for this action."

No party is a resident of the Eastern District of Pennsylvania and none of the operative

acts or omissions occurred in the Eastern District of Pennsylvania.

Plaintiffs have identified the following witnesses to be called at trial:

James A. Souder
234 Chestnut Street
Sunbury, PA 17801

Lana J. Souder
234 Chestnut Street
Sunbury, PA 17801

2

James A. Souder, II
Sunbury, PA

Michelle Souder
Sunbury, PA

Heather Souder
Sunbury, PA

Brittany Souder
Sunbury, PA

Eric Brion
210 Damascus Road
Enterprise, AL 36630

Thomas Lafferty, Jr.
Delaware State Police
Troop 2
100 LaGrange Avenue
Newark, DE 19711

Guy W. Fried, M.D.
Magee Rehabilitation Hospital
Six Franklin Plaza
Philadelphia, PA 19102

Brian Batman, M.D.
Valley Orthopaedics and Sports Medicine
Physicians' Office building
330 North Twelfth Street
Sunbury, PA 17801

Phillip Pellitieri, M.D.
Geisinger Medical Center
100 North Academy Drive
Danville, PA 17822

Daniel D. Feldman, M.D.
Geisinger Orthopedics
100 N. Academy Road
Danville, PA

Custodian of Records, Lewisburg Radiology
1 Hospital Drive
Lewisburg, PA 17837

Custodian of Records, Evangelical Community
Hospital
Evangelical Community Hospital
1 Hospital Drive
Lewisburg, PA 17837

Custodian of Records, Geisinger Medical Center
Geisinger Medical Center
100 North Academy Drive
Danville, PA 17822

Custodian of Records, Phoenix Rehabilitation and
Health Services
Phoenix Rehabilitation and Health Services
1100 Bower Hill Road
Pittsburgh, PA 15243

Custodian of Records, Appalachian Physical Therapy
1072 Market Street
Sunbury, PA 17801

Defendants identified identical witnesses to be called at trial, including:

Eric Brion
210 Damascus Road
Enterprise, AL 36630

At this early stage of discovery, it is impossible to accurately discern the general coverage

of each witnesses' testimony, however, the witnesses identified by the parties will likely testify to

the Delaware motor vehicle accident that is the subject of this action and Mr. Souder's physical

and mental condition before and after the accident.

The Eastern District of Pennsylvania has no interest in deciding this action; rather,

4

the District Court of Delaware has a strong interest in adjudicating cases involving motor vehicle

accidents that occur on their roadways.  Furthermore, it is in unfair to burden citizens in the

unrelated forum of the Eastern District of Pennsylvania with jury duty for an accident that

occurred in Delaware and would apply Delaware law.

This action must be dismissed for *forum non conveniens* grounds because there is an

adequate alternative forum for all defendants and private and public interest factors weigh

heavily in favor of dismissal.

## II.    ARGUMENT.

### A.    The Standard For Dismissing An Action For *Forum Non Conveniens* Grounds.

"Th[e] Court has the discretion to dismiss an action on the basis of *forum non conveniens*

when the private and public interest factors weigh in favor of dismissal."  Brice v. C.R. England,

Inc., et al., 278 F.Supp. 2d 487, 2003 U.S. Dist. LEXIS 14856 (E.D. Pa. 2003) (where plaintiffs

filed complaints in both Ohio and Pennsylvania for damages arising from a motor vehicle

accident that occurred in Ohio.  Defendants removed the case from state court to district court

then moved to dismiss on the basis of *forum non conveniens*.  The court held that Ohio was an

adequate forum for the accident because the accident occurred in Ohio. The court remarked that

the central facts of the alleged negligence occurred in Ohio and a view of the accident scene

could have been appropriate.  The court addressed each of the private and public interest factors

articulated in Gulf Oil and dismissed the action based on *forum non conveniens*), citing, Lacey v.

Cessna Aircraft Co., 862 F.2d 38, 43-4 (3d. Cir. 1988) (where plaintiff, an Australian citizen,

was injured in a plane crash in British Columbia and instituted a diversity action against the

5

defendants aircraft manufacturer, parts manufacturer and exhaust system manufacturer for his

personal injuries).

> The factors to be considered are:
>
> 1.    Plaintiff's choice of forum;
> 2.    Relative ease of access to sources of proof;
> 3.    Availability of compulsory process for attendance of unwilling witnesses;
> 4.    Cost of obtaining attendance of willing witnesses;
> 5.    Possibility of viewing premises, if applicable;
> 6.    All other practical problems that make trial of a case easy, expeditious and inexpensive: and
> 7.    "Public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

 Cain v. DeDonatis, 683 F. Supp. 510, 1988 U.S. Dist. LEXIS 3033 (E.D. Pa. 1988), (where the

court transferred an action brought in the Eastern District of Pennsylvania to the Middle District

of Pennsylvania when the cause of action was a motor vehicle accident that occurred in the

Middle District of Pennsylvania, the Defendant resided in the Middle District and Plaintiff

resided in Delaware.  The court only addressed the private interest factors set forth in Gulf Oil

before finding sufficient cause to transfer the action to the Middle District.)citing, Gulf Oil v.

Gilbert, 330 U.S. 501, 508-09, 67 S. Ct. 839 (1947), (where the Supreme Court of United States

applied the doctrine of *forum non conveniens* to federal cases where the court's jurisdiction is

based on diversity and the state courts have such power to dismiss).

Normally, there is a presumption in favor of the plaintiff's choice of forum.  However,

"when the central facts of a lawsuit occur outside the forum state, plaintiff's choice of venue is

accorded less deference."  Brice v. C.R. England, Inc., et al., 278 F.Supp. 2d 487, 2003 U.S.

Dist. LEXIS 14856 (E.D. Pa. 2003), citing, Renzetti, Inc. v. D.H. Thompson, 1997 U.S. Dist.

LEXIS 6121, at *9 (E.D. Pa. 1997) (where Plaintiff patentee sought a decree finding a patent for a fly tying device to be valid and infringed by defendant competitor, and among other remedies, a motion to dismiss or in the alternative transfer the action to another district court pursuant to 28 U.S.C.S. §1404(a). The court identified the factors (identical to those factors used to determine a motion to dismiss for *forum non conveniens* grounds) involved in deciding whether to transfer an action and noted that the convenience of a party's attorney cannot be considered in the ruling).

Here, Plaintiffs' choice of venue must be given less deference because the central facts of this lawsuit occurred in Delaware. All other factors, both public and private, weigh in favor of dismissal of this action, or in the alternative, transfer of venue.

### 1. The Standard For Transferring Venue Pursuant to 28 U.S.C.A. §1404(a).

The factors to be considered in reviewing a motion to transfer pursuant to 28 U.S.C.A. §1404(a) are the same as those relevant to determining a *forum non conveniens* motion. Although the factors to be considered are the same, the district judge has broader discretion in deciding a motion to transfer venue than a motion for dismissal for *forum non conveniens*. Cain v. DeDonatis, 683 F. Supp. 510, citing, Norwood v. Kirkpatrick, 349 U.S. 29, 75 S. Ct. 544 (1955), (where Plaintiffs were employees injured in a derailment of defendant's train. The district court transferred the action pursuant to 28 U.S.C.S. § 1404(a). Plaintiffs applied for mandamus or prohibition to the district judge requiring him to set aside the transfers because such a ruling is unappealable. The Supreme Court denied Plaintiffs' request and concluded that Congress intended to permit courts to grant transfers upon a lesser showing of inconvenience than the great requirements of *forum non conveniens.* The factors in the analysis did not change,

but the discretion to be exercised was broader).

Should this Court determine that dismissal is inappropriate at this time, this Court has the discretion to transfer this action to an appropriate venue, such as any District Court in Alabama or Delaware, or even the Middle District of Pennsylvania.

**B.    Venue In The Eastern District Is Improper And Adequate Alternative Forums Exist.**

Congress has conferred jurisdiction on the district courts in cases based solely on diversity of citizenship with specific qualifications.  28 U.S.C. §1391(a).  The statute governing venue in diversity states in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situation, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. 1391(a).

Here, Defendants reside in the same state: Alabama.  A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Delaware. Plaintiffs are entitled to bring their action in the States of Delaware and Alabama.  Under the specific confines of 28 U.S.C. §1391(a), Plaintiffs are only entitled to bring their action in Pennsylvania "if there is no district in which the action may otherwise be brought"; there are two appropriate districts where this action could have been brought: Alabama and Delaware.  The express language of the statute precludes

8

Plaintiffs from pursuing their claims in the Eastern District of Pennsylvania. "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction. <u>Olberding v. Illinois Central R. Co.</u>, 346 U.S. 338, 74 S. Ct. 83 (1953) (where defendant truck owner challenged the decision of the lower court's ruling in favor of the plaintiff on the basis that the court improperly overruled his challenge to venue. The Supreme Court of the United States held the defendant did not consent to be sued in a federal court in Kentucky simply by driving his vehicle on the roads of Kentucky. 28 U.S.C.S. §1391(a) has specific requirements setting forth where an action can be brought. The court held that plaintiff, by bringing his suit in a district other than that authorized by the statute, waived his right to object to the venue) .

Plaintiffs could have brought their claims in Delaware or Alabama, but instead brought their claims in the Philadelphia Court of Common Pleas, and by removal, the Eastern District of Pennsylvania – an inappropriate and inadequate forum.

When an action lays in the wrong division or district, the Court is compelled by statute to dismiss or transfer the action. 28 U.S.C. §1406 provides in relevant part:

> (a)    The district court of a district in which is filed a case laying venue in the wrong division or district ***shall dismiss***, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
>
> (b)    Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

(Emphasis added). 28 U.S.C. §1406 (a) (b).

Venue in the Eastern District of Pennsylvania is inappropriate and wrong. This action

9

could have been brought in at least two other jurisdictions: Alabama or Delaware in accordance with 28 U.S.C. §1391(a).  To comply with 28 U.S.C. 1406(a), this Court must dismiss this action, or transfer it to "any district or division in which it could have been brought"; Delaware or Alabama.  <u>Brice v. C.R. England, Inc., et al.</u>, 278 F.Supp. 2d 487.

### C.    Private Interest Factors Weigh Heavily In Favor of Dismissal.

As Mr. Brion has met his burden of showing alternative adequate fora for this action, this Court must address the private interest factors relevant to determining this Motion.

#### 1.    Plaintiff's Choice of Forum.

As Plaintiffs brought this action a state other than the state where the central facts of this lawsuit occurred, their choice of venue is given less deference than had they brought this action in an appropriate forum.   <u>Brice v. C.R. England, Inc., et al.</u>, 278 F.Supp. 2d at 489.

#### 2.    Relative Ease of Access to Sources of Proof.

Here, the accident occurred in Delaware.  Just as in <u>Brice v. C.R. England, Inc., et al.</u>, where the action for damages relating to a motor vehicle accident was filed in the Eastern District of Pennsylvania, but the accident occurred in Ohio, the central facts of negligence are in the state where the accident happened: Delaware.

#### 3.    Availability of Compulsory Process for Attendance of Unwilling Witnesses.

Witnesses, evidence, and investigations related to the Delaware accident originate in Delaware.  All liability expert witnesses will have to travel to Delaware to gather information for any accident reconstruction analysis.  Further, crucial witnesses, such as the investigating patrolman identified by Plaintiffs as a potential witness, reside in or near the state of Delaware.

Should any of these witnesses prove unwilling to attend court proceedings, Pennsylvania does not have subpoena power to compel their attendance.  Further, the cost of travel to the Eastern District of Pennsylvania may increase the likelihood that reluctant witnesses will be unwilling to appear.  As cited by the court in Brice, the U.S. Supreme Court remarked "to fix the place of trial at a point where the litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury or most litigants."

**4.      Cost of Obtaining Attendance of Willing Witnesses.**

Again, all witnesses but one will have to travel a significant distance from their residence to the Eastern District of Pennsylvania to participate in the adjudication of this matter.  The costs involved in transportation, lodging, and time for these witnesses may turn otherwise co-operative witnesses into unwilling witnesses.

**5.      Possibility of Viewing Premises, If Applicable.**

The court in Brice found that a view of the accident scene "could be appropriate in a negligence action based upon the personal injuries suffered during the automobile accident." Brice v. C.R. England, Inc., et al., 278 F.Supp. 2d at 489.  Correspondingly, a view of the accident scene could be appropriate in this action.  It is inappropriate to ask a jury of Pennsylvanians to travel to Delaware to view an accident scene in the State of Delaware, regarding the roadways of Delaware, then apply Delaware law to the facts of this case.

**6.      All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive.**

The Eastern District of Pennsylvania is the most expensive, inefficient, and difficult jurisdiction to adjudicate this matter.  All but one of the eighteen witnesses will have to travel a

11

significant distance to appear at the trial of this action.  All liability experts will have to travel not only to the Eastern District of Pennsylvania to testify, but also to Glasgow, Delaware to obtain the necessary evidence to prepare an expert report and opinion.  Finally, all the parties will have to travel a significant distance as neither Plaintiffs nor Defendants reside in the Eastern District of Pennsylvania.  In fact, the only individuals with a connection with the Eastern District of Pennsylvania are Dr. Guy Fried and Defense counsel.

These reasons alone are sufficient to transfer this action to either Alabama, Delaware or the Middle District of Pennsylvania.  Cain v. DeDonatis, 683 F.Supp. 510.

### D.    Public Interest Factors Weigh Heavily In Favor of Dismissal.

There are no special public interests that will be served by adjudicating this action in the Eastern District of Pennsylvania.

#### 1.    Relative Congestion of Court Dockets.

Transferring this action will ease the congestion of the Eastern District of Pennsylvania's full dockets, specifically freeing this Court from adjudicating a case that would apply Delaware law and affects individuals who live in Delaware – certainly not the constituency served by the Eastern District of Pennsylvania.

#### 2.    Choice of Law Considerations.

As this is a negligence action which arose in Delaware, Delaware law will apply.  Brice v. C.R. England, Inc., et al., 278 F.Supp. 2d at 490 supra (where the court stated that Ohio substantive law applied to a motor vehicle accident that occurred in Ohio, but the suit was brought in Pennsylvania).  In the interest of avoiding unnecessary problems with conflict of laws, this case must be dismissed, or in the alternative, transferred.

### 3. Relationship of the Community in Which the Courts and Jurors Are Required to Serve to the Occurrences That Give Rise to the Litigation.

If this action continues in the Eastern District of Pennsylvania, the would-be jury will be burdened with adjudicating an action that bears no relation to the community from which the jurors are pulled. As stated by the court in <u>Brice</u>:

> It will certainly be unfair to burden the citizens of this District with jury duty, when the accident occurred in Ohio and the negligence action requires that this Court apply Ohio Tort laws. There is no reason why this Court or jurors from this community should bear the burden of overseeing the resolution of this dispute which originated in Ohio. Dismissal of the Pennsylvania action will decrease administrative congestion in this District, allow the State of Ohio to ensure the enforcement of its own laws, and avoid imposing the burden of deciding a case that bears no relation to this District.

<u>Brice v. C.R. England, Inc., et al.</u>, 278 F.Supp. 2d at 490.

Identically, it is unfair to burden the citizens of this District with jury duty when the accident occurred in Delaware and Delaware law will be applied to this negligence action. There is no reason why this Court, or jurors from this community, should bear the burden of resolving this dispute that originated in Delaware. Dismissal or transfer of this action will ease administrative congestion in this district and allow an appropriate forum to adjudicate this action. Regardless of whether Alabama, Delaware or even the Middle District of Pennsylvania decides this action, the Eastern District of Pennsylvania should not bear the burden of deciding a case that bears no relation to the District.

There is no reason to adjudicate this action in the Eastern District of Pennsylvania when multiple adequate alternative jurisdictions exist. This action should be dismissed for *forum non*

13

*conveniens* grounds, or in the alternative, transferred.

## III.   CONCLUSION.

Defendants Alabama Motor Express, Inc. and Eric M. Brion respectfully requests this Honorable Court enter the attached Order dismissing this action for *forum non conveniens* grounds, or in the alternative, transfer this action to the District Court in Alabama, or in the alternative, transfer this action to the District Court of Delaware, or in the alternative, to the Middle District of Pennsylvania.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. WAGNER**


By:_____TJW3971_____
THOMAS J. WAGNER, ESQUIRE
CELESTE HARRISON, ESQUIRE
Attorneys for Defendants Alabama Motor Express,
Inc. and Eric M. Brion


Dated: June 21, 2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. SOUDER and LANA SOUDER**<br>Plaintiffs<br><br>v.<br><br>**ALABAMA MOTOR EXPRESS, INC.**<br>and<br>**ERIC M. BRION**<br>Defendants | **CIVIL ACTION**<br><br>**NO.: 05-780** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Motion to Dismiss for *Forum Non Conveniens* Grounds, or in the Alternative, Transfer Venue, was served on the following counsel via First Class Mail, Postage Prepaid on the date noted below:

David B. Winkler, Esquire
**Law Offices of David B. Winkler, P.C.**
1930 Route 70 East
Building Q
Cherry Hill, NJ, 08003

**LAW OFFICES OF THOMAS J. WAGNER**

By: _____TJW3971_____
Thomas J. Wagner, Esquire
Celeste C. Harrison, Esquire
Attorneys for Defendants Alabama Motor Express,
Inc. and Eric M. Brion

Dated: June 21, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. SOUDER and LANA SOUDER**<br>**Plaintiffs**<br><br>v.<br><br>**ALABAMA MOTOR EXPRESS, INC.**<br>and<br>**ERIC M. BRION**<br>**Defendants** | **CIVIL ACTION**<br><br>**NO.: 05-780** |

## ORDER

AND NOW, on this                    day of                    , 2005 upon Defendants

Alabama Motor Express, Inc. and Eric M. Brion's Motion to Dismiss Plaintiffs' Complaint for

*Forum Non Conveniens* Grounds, or in the Alternative, Transfer Venue, and Plaintiffs' response

thereto, if any, it is hereby ORDERED that Eric M. Brion's Motion is GRANTED and Plaintiff

James and Lana Souder's claims against Eric M. Brion and Alabama Motor Express, Inc. are

hereby DISMISSED for *forum non conveniens* grounds; or in the alternative, it is

ORDERED that Defendants Alabama Motor Express, Inc. and Eric M. Brion's Motion is

GRANTED and this action shall be transferred to any United States District Court in the District

of Alabama; or in the alternative, it is

ORDERED that Defendants Alabama Motor Express, Inc. and Eric M. Brion's Motion is

GRANTED and this action shall be transferred to the United States District Court of Delaware;

or in the alternative, it is

ORDERED that Defendants Alabama Motor Express, Inc. and Eric M. Brion's Motion is GRANTED and this action shall be transferred to the United States District Court of the Middle District of Pennsylvania.

BY THE COURT:

_____
                                             J.