Case 2:05-cv-00780-MB Document 13-2 Filed 06/21/2005 Page 1 of 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES A. SOUDER and LANA SOUDER**<br>**Plaintiffs**<br><br>**v.**<br><br>**ALABAMA MOTOR EXPRESS, INC.**<br>**and**<br>**ERIC M. BRION**<br>**Defendants** | **CIVIL ACTION**<br><br>**NO.: 05-780** |

**DEFENDANT ERIC M. BRION'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Eric M. Brion ("Mr. Brion") answers Plaintiffs James A. Souder and Lana Souder's ("Plaintiffs") Complaint as follows:

**COUNT I**

1. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and so it is denied.

2. Admitted.

3. Denied.

4-5. Admitted in part. Denied in part. Eric M. Brion was an Alabama Motor Express, Inc. employee who was operating an Alabama Motor Express, Inc. vehicle.

6-11. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and so they are denied.

WHEREFORE, Defendant Eric M. Brion demands judgment in its favor and against Plaintiffs James A. Souder and Lana Souder, dismissal of Plaintiffs' Complaint, an award of costs, interest and attorney's fees and any other appropriate relief.

**COUNT II**

12. Defendant Eric M. Brion incorporates paragraphs 1-11 of this Answer as if fully set forth at length herein.

13. Admitted in part. Denied in part. Eric M. Brion is an Alabama Motor Express employee. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of these averments and so they are denied.

14. Denied. Defendant Alabama was not negligent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of these averments and so they are denied.

WHEREFORE, Defendant Eric M. Brion demands judgment in its favor and against Plaintiffs James A. Souder and Lana Souder, dismissal of Plaintiffs' Complaint, an award of costs, interest and attorney's fees and any other appropriate relief.

**AFFIRMATIVE DEFENSES**

Defendant Eric M. Brion incorporates his foregoing responses to Plaintiffs' Complaint as affirmative defenses and, in addition, submit the following affirmative defenses:

15. Damages alleged by Plaintiffs may have been caused or contributed to by Plaintiffs and, therefore, Plaintiffs' claims are barred or appropriately reduced by the Pennsylvania Comparative Negligence Act.

16. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

17. Plaintiff James Souder may have caused his own injuries and damages.

18. Plaintiff James Souder's own conduct may bar, or reduce any recovery made against Defendant.

19. Defendant breached no duty that he owed to Plaintiff.

20. Defendant was not negligent.

21. Plaintiffs' claims may be barred by the doctrines of *Res Judicata*, waiver, estoppel or the applicable statute of limitations.

22. Plaintiffs' injuries/damages, if any, may have been caused by third parties or instrumentalities over which Defendant had no control, and therefore no responsibility for. The superseding/intervening conduct of other third parties or instrumentalities may have caused Plaintiffs' alleged injuries and/or damages.

23. Plaintiffs may have failed to mitigate their damages.

24. Plaintiff James Souder knowingly may have exposed himself to an obvious risk, and therefore caused his own injuries.

25. Defendant fully and completely performed all duties required by law.

26. The conduct of Defendant was not a substantial factor in the cause of any of Plaintiffs' alleged injuries/damage.

27. Defendant incorporates by reference the defenses and evidentiary exclusions provided by the Pennsylvania Motor Vehicle Financial Responsibility Act set forth in 75 Pa. C. S. A. §1701 et seq.

28. Plaintiff, Jame Souder's, alleged injuries may have been caused by a pre-existing medical condition.

29. Plaintiffs may have suffered no damages.

30. Defendant owed no duty to Plaintiff.

31. Plaintiffs' claims may be barred by their failure to acquire the required financial

responsibility for operation of a motor vehicle.

32. Plaintiffs' injury and economic claims may be barred by their choice of limited tort insurance or lack of insurance.

33. Plaintiffs' alleged injuries fail to satisfy the limited tort threshold and they may be barred from recovery.

34. This Court does not have personal jurisdiction over Mr. Brion.

35. The Eastern District of Pennsylvania is an inappropriate venue for this action.

WHEREFORE, Defendant Eric M. Brion demands judgment in his favor and against Plaintiffs James A. Souder and Lana Souder, dismissal of Plaintiffs' Complaint, an award of costs, interest and attorney's fees and any other appropriate relief.

**A JURY OF TWELVE JURORS IS DEMANDED.**

**LAW OFFICES OF THOMAS J. WAGNER**

By: /s/ Thomas J. Wagner
THOMAS J. WAGNER, ESQUIRE
CELESTE HARRISON, ESQUIRE
Attorneys for Defendant Eric M. Brion

Dated: April 29, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES A. SOUDER and LANA SOUDER**<br>**Plaintiffs**<br><br>**v.**<br><br>**ALABAMA MOTOR EXPRESS, INC.**<br>**and**<br>**ERIC M. BRION**<br>**Defendants** | **CIVIL ACTION**<br><br>**NO.: 05-780** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Answer and Affirmative Defenses was served on the following counsel via First Class Mail, Postage Prepaid on the date noted below:

David B. Winkler, Esquire
**Law Offices of David B. Winkler, P.C.**
1930 Route 70 East
Building Q
Cherry Hill, NJ, 08003

**LAW OFFICES OF THOMAS J. WAGNER**

/s/ Thomas J. Wagner

By: Thomas J. Wagner, Esquire
Celeste C. Harrison, Esquire
Attorneys for Defendant Eric M. Brion

Dated: April 29, 2005