Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JANUARY 2005**

001792

| | |
|---|---|
| **PLAINTIFF'S NAME** James A. Souder | **DEFENDANT'S NAME** Alabama Motor Express, Inc. |
| **PLAINTIFF'S ADDRESS** RR1 Box 248 E Sunbury, PA 17801 | **DEFENDANT'S ADDRESS** 10720 East US Highway 84 Ashford, AL 36312 |
| **PLAINTIFF'S NAME** Lana J. Souder | **DEFENDANT'S NAME** Eric M. Brion |
| **PLAINTIFF'S ADDRESS** RR1 Box 248 E Sunbury, PA 17801 | **DEFENDANT'S ADDRESS** P.O. Box 311223 Enterprise, AL 36331 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☑ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
☐ $50,000.00 or less
☑ More than $50,000.00

**COURT PROGRAMS**
☐ Arbitration     ☐ Mass Tort          ☐ Commerce           ☐ Settlement
☑ Jury             ☐ Savings Action     ☐ Minor Court Appeal  ☐ Minors
☐ Non-Jury        ☐ Petition           ☐ Statutory Appeals  ☐ W/D/Survival
☐ Other: _____

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**
2 V Motor Vehicle Accident

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**
None.

**IS CASE SUBJECT TO COORDINATION ORDER?**
Yes   No
☐     ☐
☐     ☐
☐     ☐

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| David B. Winkler | 1930 Route 70 East, Building Q |
| **PHONE NUMBER** (856) 616-1000  **FAX NUMBER** (856) 216-0362 | Cherry Hill, NJ 08003 |
| **SUPREME COURT IDENTIFICATION NO.** 46,528 | **E-MAIL ADDRESS** winkler@jersey.net |
| **SIGNATURE** David B. Winkler | **DATE** Jan. 11, 2005 |

| | |
|---|---|
| LAW OFFICES OF DAVID B. WINKLER, P.C.<br>By: David B. Winkler<br>Attorney ID: 46528<br>1930 Route 70 East<br>Building Q<br>Cherry Hill, NJ 08003<br>(856) 616-1000 | ***THIS IS NOT AN ARBITRATION MATTER***<br>***ASSESSMENT OF DAMAGES IS REQUIRED***<br><br>**Attorney for Plaintiffs** |
| James A. Souder, and<br>Lana J. Souder<br>RR1<br>Box 248E<br>Sunbury, PA 17801<br>*plaintiffs*<br><br>vs.<br><br>Alabama Motor Express, Inc.<br>10720 East US Highway 84<br>Ashford, AL 36312,<br>and<br>Eric M. Brion<br>P.O. Box 311223<br>Enterprise, AL 36331<br>*defendants* | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY<br>Civil Trial Division<br><br>JANUARY TERM 2005<br><br>No.<br><br>001792<br><br>ATTEST<br>JAN 12 2005<br>J. COURTNEY<br><br>JURY FEE PAID |

## CIVIL ACTION COMPLAINT
### 2-V Motor Vehicle Accident
NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL & INFORMATION SERVICE
Philadelphia Bar Association
One Reading Center
Northwest Cor. 11th & Market Sts.
Philadelphia, Pennsylvania 19107
Phone: (215) 238-1701

## AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN IAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA E INFORMACION LEGAL
Asociacion De Licenciados De Filadelfia
One Reading Center
Noreste Usquina 11th Y La Calle Market
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

## COMPLAINT- CIVIL ACTION
### 2-V Motor Vehicle Accident

### COUNT I

1. The plaintiffs, James A. Souder and Lana J. Souder are adults, husband and wife, and reside together at RR1, Box 248 E, Sunbury, PA 17801.

2. The defendant, Alabama Motor Express, Inc., is a corporation which regularly conducts business in the City of Philadelphia, and maintains its principal place of business at 10720 East US Highway 84, Ashford, AL 36312.

3. The defendant, Eric M. Brion, is an adult who resides at P.O. Box 311223, Enterprise, AL 36331.

4. At all times relevant hereto the defendant, Eric M. Brion, was the agent or employee of the defendant, Alabama Motor Express, Inc., and was acting within the course and scope of his agency or employment.

5. On or about July 3, 2003, the defendant, Eric M. Brion, was the operator of a certain tractor-trailer combination, owned by the defendant, Alabama Motor Express, Inc., which was traveling in the left-hand lane of southbound Route 896 in Glasgow, Delaware.

6. When the defendants' vehicle reached a point north of the intersection of Route 896 and Porter Road, it was so negligently and carelessly operated that it came into a violent collision with the rear of the vehicle owned and operated by the plaintiff, James A. Souder, which had also been traveling in the left-hand lane of southbound Route 896, as a result of which the plaintiffs suffered the injuries and damages which are the subject

of this action.

    7. As of the time and place aforesaid, the negligence, recklessness and carelessness of the defendant, Eric M. Brion consisted of:

    a. operating his vehicle at a high and excessive rate of speed under the circumstances;

    b. following too closely behind the plaintiff's vehicle;

    c. failing to have his vehicle under proper and adequate control;

    d. violating the "assured clear distance ahead" rule;

    e. operating his vehicle without due regard for the rights, safety and position of the plaintiff herein;

    f. failing to maintain a proper lookout for road and traffic conditions; and

    g. violating the various statutes of the State of Delaware pertaining to the operation of motor vehicles on the public highways.

    8. As a direct result of the negligence, recklessness and carelessness of the defendant, Eric M. Brion, as aforesaid, the plaintiff, James A. Souder, suffered severe and permanent injuries, a severe shock to his nerves and nervous system, aggravation, acceleration and activation of any pre-existing ailments or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, the plaintiff suffered a disruption of his autonomic nervous system, resulting in an inability to swallow solid food, a torn right rotator cuff, an ulnar neuropathy and an internal disruption of the right knee, as a result of which he suffered great physical pain and mental distress, which he yet suffers and may continue to suffer for an indefinite time in the future.

9. As a further result of the negligence, recklessness and carelessness of the defendant, Eric M. Brion, as aforesaid, the plaintiff, James A. Souder, has been and continues to be unable to attend to his normal activities and vocations, as a result of which he has sustained a loss of life's pleasures.

10. As a further result of the negligence, recklessness and carelessness of the defendant, Eric M. Brion, as aforesaid, the plaintiff, James A. Souder, has been and continues to be obliged to receive medical attention and care, and to expend various sums of money and incur various expenses in an effort to obtain a cure for his injuries, and may continue to incur such expenses for an indefinite time in the future.

11. As a further result of the negligence, recklessness and carelessness of the defendant, Eric M. Brion, as aforesaid, the plaintiffs' vehicle was severely damaged and declared a total loss, as a result of which the plaintiff has incurred additional expenses for the replacement of his vehicle.

**WHEREFORE**, the plaintiff, James A. Souder, demands judgment against the defendants, Alabama Motor Express, Inc. and Eric M. Brion, both jointly and severally, in an amount in excess of the statutory arbitration limits, exclusive of interest, costs and attorney's fees.

### COUNT II

12. The plaintiff, James A. Souder, incorporates the previous allegations of this Complaint as fully as though the same were set forth herein at length.

13. At all times relevant hereto, the defendant, Eric M. Brion, operated the vehicle owned by the defendant, Alabama Motor Express, Inc., with the full knowledge

and permission of Alabama Motor Express, Inc., or as the agent or employee of the defendant, Alabama Motor Express, Inc., thereby imputing his negligence to the defendant, Alabama Motor Express, Inc.

14. Additionally, the defendant, Alabama Motor Express, Inc., was itself negligent in entrusting its vehicle to the defendant, Eric M. Brion, given his known propensities for negligence in the use and operation of motor vehicles.

**WHEREFORE**, the plaintiff, James A. Souder, demands judgment against the defendants, Alabama Motor Express, Inc. and Eric M. Brion, both jointly and severally, in an amount in excess of the statutory arbitration limits, exclusive of interest, costs and attorney's fees.

## COUNT III

15. The plaintiff, Lana J. Souder, incorporates the previous allegations of this Complaint as fully as though the same were set forth herein at length.

16. As a further result of the negligence, recklessness and carelessness of the defendants, Alabama Motor Express, Inc. and Eric M. Brion, as aforesaid, the plaintiff, Lana J. Souder, has been deprived of the assistance, companionship, society and consortium of her husband, the plaintiff, James A. Souder, as a result of the injuries which he sustained, which injuries are more particularly set forth in the First Count of this Complaint, and as a result thereof, the plaintiff, Lana J. Souder, has and may in the future be deprived of the services of her husband, James A. Souder.

**WHEREFORE**, the plaintiff, Lana J. Souder, demands judgment against the defendants, Alabama Motor Express, Inc. and Eric M. Brion, both jointly and severally,

in an amount in excess of the statutory arbitration limits, exclusive of interest, costs and attorney's fees.

                Law Offices of David B. Winkler, P.C.

                By: _____
                David B. Winkler
                Attorney for Plaintiffs

## VERIFICATION

James A. Souder hereby states that he is the plaintiff in this matter, and verifies that the statements in the foregoing pleading are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsifications to authorities.

James A. Souder

## VERIFICATION

Lana J. Souder hereby states that she is the plaintiff in this matter, and verifies that the statements in the foregoing pleading are true and correct to the best of her knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsifications to authorities.

_____
Lana J. Souder